# Hartz *versus* The Commonwealth.

1. A plea in abatement cannot be pleaded after a plea in bar.

2. Where a suit has been brought on an official bond by one person, any other person aggrieved, who has a remedy on the same bond, may file his suggestion, and declare for such breaches as he thinks proper.

3. Where an action is brought by one party on an official bond, pending an action on the same bond by another party, the former action may be pleaded in abatement of the latter, if pleaded in proper time, but not after a plea of *non est factum*.

4. An official bond of a justice of the peace, indorsed by the prothonotary "approved," and the approval signed with his name and official additon, is a record of the Court of Common Pleas, and is entitled to be read in evidence, without further proof.

ERROR to the District Court of *Allegheny county*.

This was an action by the Commonwealth for use of Edward A. Moye against Anthony Hartz, principal, and Jacob Hartz, surety.   Anthony Hartz was a justice of the peace, commissioned January 12, 1849, and, in connection with Jacob Hartz, gave the official bond upon which this suit was brought, 15th June, 1849.   The breach assigned was, that Anthony Hartz had, on the 25th day of October, 1849, as a justice of the peace, received the amount of a judgment obtained before him by Edward A. Moye against Simon Stein, for thirty-five dollars, and had failed to pay over the same to the plaintiff.

October 1, 1854, defendants pleaded "*non est factum*."

A suit had been brought on the same bond against defendants, to April Term, 1854, No. 215, in the name of the Commonwealth, for use of Theodore Kestner, which suit was pending and undetermined at the time the present suit was brought, and is still pending.   In the latter case, the breach assigned was official misconduct of said Anthony Hartz in not paying over to the plaintiff money collected by him as a justice of the peace.

February 12, 1856, when the case was called for trial, defendant's counsel asked leave to plead the pendency of the former

[Hartz *v.* The Commonwealth.]

suit, No. 215, April Term, 1854, in bar of this action.  The leave was refused by the court.

And this constituted the first assignment of error.

Plaintiff's counsel offered bond of Anthony Hartz and Jacob Hartz, dated 15th June, 1849, and approved same day—being the official bond of Anthony Hartz as a justice of the peace, endorsed, "Approved, June 16, 1849—Hiram Hultz, Pro."

Defendant's counsel objected :

1. That it did not appear to have been approved by the judges of the Court of Common Pleas, as required by law.

2. That there was no proof of the execution of the bond.

The court, HAMPTON, J., overruled these objections and admitted the evidence ; and this constituted the second assignment of error.

*Carnahan,* for plaintiff in error, referred to Act of 14th June, 1836, Bright. Purd. 94; *M'Kean* v. *Shannon,* 1 Binn. 370 ; Act 21st March, 1806, sec. 1; 1 W. & S. 261; *Dunn* v. *The Commonwealth,* 14 S. & R. 433 ; 1 Greenleaf's Ev., sec. 569, 3d ed.

*Koethen,* for defendants in error, referred to 3 Barr, 434 ; Act 14th June, Bright. Purd. 94, secs. 14, 28 ; Act 28th March, 1803, sec. 14, P. D. 742 ; 17 S. & R. 275 ; *Sandback* v. *Quigley,* 8 W. 462 ; 7 S. & R. 273 ; 1 P. R. 364 ; 6 W. 487 ; 8 W. & S. 391 ; 5 Barr, 41 ; 3 Barr, 21, 52.

The opinion of the court was delivered January 12, 1857, by

BLACK, J.—This was an action upon a bond given by a justice of the peace.  The defendants were the justice himself and his surety.  They pleaded *non est factum ;* but, after the jury were empannelled, they asked leave to plead the pendency of another action on the same bond.  The court refused to permit it.

When a suit is brought on an official bond by one person, any other person who has been aggrieved by the same officer, and who has a remedy upon the same bond, may file his suggestion and declare for such breaches as he thinks proper.  Such would have been the regular course for the party.  But he chose to bring a new action, and he might have been defeated if the defendants had pleaded the other action in abatement.  But, after a plea in bar, it was too late to put themselves on such a point as this.

This bond was objected to, when offered in evidence, as not being authenticated.  It was a record of the Court of Common Pleas.  It was indorsed by the prothonotary, "*Approved,*" and the indorsement signed with his name and official addition.  This was enough.  The Act of Assembly requires the bond to be.

[Edgar *v.* Shields et uxor.]

taken by the prothonotary, and the amount to be fixed by the court. The prothonotary was the proper organ of the court, and his signature proved that it had their approbation as well as his own.

The subsequent admission of evidence which tended to prove the handwriting of the defendants did not hurt anybody. The genuineness of the bond had been already established; but, if the judge thought proper to inquire a little further for the purpose of removing a doubt, the defendants ought not to complain.

Judgment affirmed.